IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EVA GREEN                                                                              PLAINTIFF

vs.                                    Civil No. 4:15-cv-04092-BAB

CAROLYN W. COLVIN                                                        DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Eva Green ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review

of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her

claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security

income ("SSI") benefits under Titles II and XVI of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. (ECF No. 5).[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability applications for DIB and SSI on February 19, 2013.

(ECF No. 12, p. 19).  In her applications, Plaintiff alleges being disabled due to diabetes, high blood

pressure, and hand surgery.  (ECF No. 12, p. 282).  Plaintiff initially alleged an onset date of

September 21, 2012, which was subsequently amended at the administrative hearing to January 1,

2013.  (ECF No. 12, pp. 113-14, 269).  These applications were denied initially and again upon

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages
for this case are referenced by the designation "ECF No. ___, p. ___."

reconsideration.  (ECF No. 12, pp. 121-71).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (ECF No. 12, p. 189).  Plaintiff's administrative hearing was held on August 14, 2014, in Dallas, Texas.  (ECF No. 12, pp. 83-116).  Plaintiff was present and was represented by Greg Giles.  *Id.*  Plaintiff and Vocational Expert ("VE") William Weber testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-seven (57) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e); 20 C.F.R. § 416.963(e).  (ECF No. 12, p. 88).  As for her level of education, Plaintiff has a high school diploma.  *Id.* at 88-89.

After this hearing, on September 25, 2014, the ALJ entered a partially favorable decision granting Plaintiff's applications for DIB and SSI beginning on January 24, 2014.  (ECF No. 12, pp. 15-32).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016.  (ECF No. 12, p. 21, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 21, 2012, her alleged onset date.  (ECF No. 12, p. 21-22, Finding 2).  The ALJ determined Plaintiff had the following severe impairments since the alleged onset date of September 21, 2012: degenerative disc disease, depressive disorder, and anxiety disorder; and, Plaintiff had the following severe impairments beginning on the established onset date of January 24, 2014: large disc protrusion effacing the ventral CSF with mild deformity of the ventral cord margin.  (ECF No. 12, pp. 22-24, Finding 3).  Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings").  (ECF No. 12, pp. 24-26, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (ECF No. 12,

pp. 27-30, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform:

> less than the full range of light work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she could lift and carry 20 pounds occasionally and 10 pounds frequently, sit 6 hours in an 8 hour workday, and stand/walk 6 hours in an 8 hour workday.  She could not climb using ropes, ladders, or scaffolds; and could occasionally do the other postural activities.  She could use her right upper extremity frequently but not constantly for fingering, handling, and reaching. Furthermore, she was limited to simple routine tasks and instructions.

*Id.*  Thereafter, the ALJ determined, beginning on January 24, 2014, Plaintiff retained the RFC to perform:

> less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) in that she can lift/carry 10 pounds occasionally and less than 10 pounds frequently, sit 6 hours in an 8 hour workday and stand/walk 2 hours in an 8 hour workday with normal rest breaks.  She can occasionally climb ramps/stiars, balance, stoop, bend, squat, kneel, and crouch; she can never crawl or climb ropes, ladders, or scaffolds.  She can understand simple instructions and carry out simple unskilled tasks.  She can use her right upper extremity frequently but not constantly for fingering, handling, and reaching.

(ECF No. 12, p. 30, Finding 6).  The ALJ stated he arrived at the date of January 24, 2014, "by assuming that her severe back impairment existed for six months before it was detected by MRI," and that Plaintiff's subjective complaints for that time period were generally credible.  *Id.*

The ALJ then determined, prior to January 24, 2014, Plaintiff could return to her Past Relevant Work ("PRW") as a polisher/buffer, which has a DOT code of 708.684-062, as a small products assembler, which has a DOT code of 706.684-022, and as a poultry eviscerator, which has a DOT code of 525.687-074.  (ECF No. 12, p. 30, Finding 7).  The VE testified at the administrative hearing regarding this issue.  (ECF No. 13, pp. 107-13).  The ALJ then determined, beginning on

January 24, 2014, Plaintiff was unable to return to her PRW. (ECF No. 12, pp. 30-31, Finding 8). The ALJ then determined no jobs existed in significant numbers in the national economy which Plaintiff could perform beginning on January 24, 2014 because, "[e]ven if [Plaintiff] had the [RFC] for the full range of sedentary work, a finding of 'disabled' is directed by Medical-Vocational Rule 201.04." (ECF No. 12, p. 31, Finding 12). Because Plaintiff could perform her PRW prior to January 24, 2014, the ALJ also determined Plaintiff became disabled, as defined by the Act, on January 24, 2014, and continued to be disabled through September 25, 2014, the date of the ALJ's decision. (ECF No. 12, p. 31, Finding 13).

Thereafter, on October 14, 2014, Plaintiff requested a review by the Appeals Council. (ECF No. 12, p. 12). The Appeals Council denied this request on August 13, 2015. (ECF No. 12, pp. 6-11). On September 24, 2015, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on September 24, 2015. (ECF No. 5). This case is now ready for decision.

## 2.    <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.  *see*

*Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**3.     Discussion:**

In her appeal brief, Plaintiff raises one argument for reversal: (1) the ALJ erred in finding Plaintiff disabled as of January 24, 2014, rather than January 1, 2013, Plaintiff's amended alleged onset date.  (ECF No. 8).

Plaintiff essentially argues the ALJ's RFC determination for the period prior to January 24, 2014, was not based on substantial evidence.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. §§ 404.1545, 416.945.  A disability claimant has the burden of establishing his or her RFC.  *Vossen v. Astrue*, 612 F. 3d 1011, 1016 (8th Cir. 2010).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

.

6

Plaintiff primarily attempts to meet her burden by asking this Court to consider statements in evidence outside the relevant period. For example, Plaintiff directs this Court to the treatment notes of Dr. Harold Weems, on February 4, 2014, wherein Dr. Weems noted "[Plaintiff] comes in for evaluation of her right shoulder. She's had shoulder pain now for approximately 1 year. She states she's got to the point now that she can't raise her arm up." (ECF No. 12, pp. 478-480). Plaintiff also relies on the treatment notes of Dr. Dietze from July 23, 2014, who determined Plaintiff suffered from cervical and lumbar radiculopathy. (ECF No. 12, pp. 565-67). Plaintiff also had surgery to repair a right rotator cuff tear on March 20, 2014. (ECF No. 481-82). While the evidence in the record from the year 2014 does demonstrate Plaintiff was suffering pain and discomfort prior to February and July of 2014, which the ALJ recognized in his RFC determination, they do not establish Plaintiff was more limited than the ALJ's RFC determination concerning the period prior to her established January 24, 2014, date of disability.

Next, Plaintiff cites her time in the hospital from January 18, 2013, to January 22, 2013, but her admittance for treatment was due to multiple abscesses and resulting complications, an acute condition, which resolved with treatment. *see Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling). Although Plaintiff also cites her own subjective complaints and testimony, the ALJ determined Plaintiff's statements regarding her own limitations prior to January 24, 2014, were less than credible, and Plaintiff has not put forward a legal objection with regard to the ALJ's analysis of her credibility. (ECF No. 12, p. 29). Plaintiff also directs this Court to records in May and August of 2012, concerning her trigger finger release and possible re-injury, but Plaintiff received Workers' Compensation Benefits during that time, returned to work, and only ceased working when the facility

she worked at closed down.  (ECF No. 12, pp. 89-91).

Finally, Plaintiff challenges the mental portion of the ALJ's RFC by alleging she was more limited, based on Dr. Rafael Otero's mental status examination.  (ECF No. 8, p. 7).  The ALJ, however, discussed Dr. Otero's evaluation at length, and while the ALJ did note Plaintiff suffered with some limitation, that overall Plaintiff's mental impairments were well-controlled by medication and that her with her limitations she could perform "simple routine tasks consistent with unskilled work."  (ECF No. 12, p. 29).  The ALJ properly considered the opinion of Dr. Otero, and although the ALJ reached a different conclusion from that evidence than Plaintiff, such disagreement in interpretation is not, in and of itself, reversible error. In summary, while Plaintiff points to evidence which shows Plaintiff suffered some degree of pain, discomfort, and limitation prior to January 24, 2014, she has not directed this Court to, nor does the record contain, evidence Plaintiff was more limited in her ability to function during that relevant time period than accounted for by the ALJ's RFC determination.

Plaintiff also argues the ALJ should have given more weight to the July 9, 2014, opinion of Dr. Lisa Martin, who checked the box on her RFC form that Plaintiff's impairments lasted at least twelve months.  (ECF No. 8, pp. 9-10).  The ALJ gave Dr. Martin's opinion "some but not substantial weight," because Dr. Martin's opinion was "merely a check block form without support or explanation, and she defers to the orthopedic medical doctor."  (ECF No. 12, p. 26).  A conclusory checkbox form has little evidentiary value.  *see Anderson v. Astrue*, 696 F.3d 790 (8th Cir. 2012); *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010).  The ALJ gave valid reasons for attributing Dr. Martin's opinion less than controlling weight.  *see Perkins b. Astrue*, 648 F.3d 892, 897-98 (8th Cir. 2011) (Although given some deference, treating physician's opinion does not automatically control,

as record must be evaluated as a whole).   Accordingly, I find the ALJ did not commit reversible error by attributing less than controlling weight to the opinion of Dr. Martin.

I note that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of many treating physicians, surgeons, and specialists, as well as those of the non-examining state agency consultants, and set forth the reasons for the weight given to the opinions.   *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians") (citations omitted);   *Prosch v. Apfel*, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).   Based on the foregoing, I find the ALJ's RFC determination was based on substantial evidence on the record as a whole.

Plaintiff commented in her brief that the ALJ's hypothetical questions to the VE were not reflective of Plaintiff's limitations.   Plaintiff's argument with regard to the hypothetical questions to the VE are essentially a disagreement with the ALJ's RFC determination.   After thoroughly reviewing the hearing transcript along with the entire evidence of record, I find that the hypothetical questions the ALJ posed to the VE fully set forth the impairments that the ALJ accepted as true and which were supported by the record as a whole.   *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, I find that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her PRW prior to the established date of disability.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

9

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff for the relevant period prior to January 24, 2014, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of January 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE